TIMOTHY S. LAFFREDI (WI SBN 1055133)
Assistant United States Trustee
TREVOR R. FEHR (SBN 316699)
Trial Attorney
United States Department of Justice
Office of the U.S. Trustee
280 South First St., Suite 268
San Jose, CA 95113
Telephone: (408) 535-5525
Facsimile: (408) 535-5532
Email: Trevor.Fehr@usdoj.gov

Attorneys for TRACY HOPE DAVIS
United States Trustee for Region 17

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re<br><br>**Mariya Ruchka,**<br><br>　　　　　　Debtor. | Case No. 18-30002<br><br>Chapter 11<br><br>Date: August 24, 2018<br>Time: 10:00 a.m.<br>Ctrm: Honorable Dennis Montali<br>　　　450 Golden Gate Ave., Ctrm 17<br>　　　San Francisco, CA |

**UNITED STATES TRUSTEE'S OBJECTION TO DEBTOR'S MOTION TO DISMISS CASE**

Tracy Hope Davis, United States Trustee for Region 17 (the "United States Trustee"), by and through her undersigned counsel, hereby objects to the Debtor's Motion to Dismiss Case (the "Motion"). *See* ECF No. 48. In support thereof the United States Trustee states as follows:

**I. INTRODUCTION**

The Court should deny the motion because granting this relief would not be in the best interests of creditors. In her Motion, Mariya Ruchka (the "Debtor") does not sufficiently identify why the dismissal is in the best interest of creditors given that her argument hinges on an anonymous and termless refinancing agreement. The United States Trustee believes that the Debtor's case should be converted to chapter 7 so that the Debtor's assets may be administered for the benefit of all creditors.

UST OBJECTION TO DEBTOR'S MOTION TO DISMISS CASE　　　-1-

## II. STATEMENT OF FACTS

### A. Procedural History

On January 2, 2018 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. *See* ECF No. 1.

No Chapter 11 trustee has been appointed in this case, and the Debtor remains in possession pursuant to 11 U.S.C. §§ 1107 and 1108. *See* Docket. The United States Trustee has not appointed an official committee of unsecured creditors. *Id*.

The Section 341 Meeting of Creditors was held on February 13, 2018 and concluded on February 27, 2018. *Id*.

The Debtor has not filed a plan of reorganization or disclosure statement in this case. *Id*. The Debtor has also failed to file operating reports since March 2018. *Id*.

### B. The Debtor's Assets and Liabilities

On January 23, 2018, the Debtor filed a Summary of Assets and Liabilities, Schedules A through J, a Statement of Financial Affairs, and a Chapter 11 Statement of Current Monthly Income. *See* ECF Nos. 20-24.

The Debtor's Schedule A lists four pieces of real property: 164-168 28th Street, San Francisco, California (the "28th Street Property"); 3127 Geary Blvd. San Francisco, California (the "3127 Geary Blvd. Property"); 1619 Laguna Street, San Francisco, California (the "Laguna Street Property"); and 20 Pine Street, Tiburon, California (the "20 Pine Street Property"). Combined, the value of the Debtor's real property is $4,875,000. *See* ECF No. 22-2 at p. 1-2. On her Schedule D, the Debtor list $4,583,000 in secured debt on the properties. *See* ECF No. 22-6.

The Debtor's Schedule B lists $579,500 worth of inventory for the Debtor's jewelry business. *See* ECF No. 22-2 at p. 9. The Debtor's Schedule C lists a $4,825 exemption for the inventory. *See* ECF No. 22-5 at p. 2. On her Statement of Financial Affairs, the Debtor discloses that the jewelry business, "Siberian Star," existed from January 10, 2002 to January 02, 2018. *See* ECF No. 20 at p. 11. The Debtor signed this document on January 23, 2018. *Id*. at p. 12. According to the Debtor's operating

reports filed for January, February, and March of 2018, the value of this inventory has not changed. *See* ECF Nos. 33, 34, and 46.

The Debtor's Schedule E/F lists $61,000 in priority and $12,450 in nonpriority unsecured debt. Over the course of the bankruptcy, claimants have filed over $900,000 in unsecured claims. As of August 17, 2018, there are no objections to these claims on file in the Debtor's case. *See* Docket.

### C. The Debtor's Motion to Dismiss

The Motion asserts that the Debtor filed this case to save her three rental properties. *See* ECF No. 48, at p. 2. The Debtor's intent was to sell or refinance the properties in order to repay loans to secured lenders George Washington Lending and Evergreen Advantage LLC. *Id*. The Debtor alleges that she was unable to complete this process because of a failed Ellis Act proceeding regarding the 28th Street Property. *Id*. at 3.

The Debtor alleges that she negotiated extensions with both George Washington and Evergreen. *Id*. at 3. Evergreen filed a Stipulation for Adequate Protection on April 17, 2018 giving the Debtor until September 28, 2018 to pay the loan in full. *See* ECF No. 39 at p. 2. The Debtor admits that there is no formal extension with George Washington and does not disclose what the terms of that extension are. *See* ECF No. 48 at p. 3.

The Motion acknowledges that a plan of reorganization is not feasible because the Debtor will not be able to sell the properties before extensions of time with the secured lenders expire. *Id*. at 4. The Motion states that the Debtor has found a lender willing to refinance the loans upon dismissal of the Debtor's bankruptcy case. *Id*. The Motion does not disclose the terms of the agreement, who this agreement is with, or whether the agreement has even been formalized. *Id*. at 3.

The Debtor claims that all secured creditors and "all other legitimate creditors" will benefit from dismissal because they will be paid "in the ordinary course of business." *Id*. at 4. The Debtor asserts that claims filed by Midland Credit Management, Inc. and several tenants of the 28th Street Property are meritless or would be objected to if the bankruptcy case continued. *Id*. at 4-5. As stated above, no objections to claims have been filed in the Debtor's case. *See* Docket.

### III. POINTS AND AUTHORITIES

#### A. Cause to Convert or Dismiss Exists Under 11 U.S.C. § 1112(b)

The United States Trustee agrees with the Debtor that cause exists under Section 1112(b) to convert or dismiss this bankruptcy case.

Under Section 1112(b)(4)(F) "cause" to convert or dismiss a case includes "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter[.]" Here, the Debtor has failed to file operating reports since March 2018.

Cause to convert or dismiss a chapter 11 case also includes a debtor's failure to expeditiously prosecute its case. *In re Babayoff*, 445 B.R. 64, 79 (Bankr. E.D.N.Y. 2011) (holding that because "[a] debtor's failure to make meaningful and substantive progress toward the confirmation of a plan . . . is nearly always prejudicial to creditors[,] . . . a debtor cannot wallow in chapter 11.") (quotations and citations omitted). Although this case was commenced more than seven months ago, the Debtor has failed to file a disclosure statement and plan of reorganization. The Debtor acknowledges in the Motion that there is no reasonable likelihood of rehabilitation in this case and that presentation of a feasible chapter 11 plan of reorganization is highly unlikely.

#### B. Debtor's Case Should Be Converted to a Case Under Chapter 7

A debtor's motion to dismiss "should not reflexively be granted whenever cause exists. On the contrary, Section 1112(b) requires a court to move to a second analytically separate step and to base its decision whether to dismiss or convert on the best interest of creditors and the estate." *In re Continental Holdings, Inc.*, 170 B.R. 919, 927 (Bankr. N.D. Ohio 1994) (quoting *In re Mech. Maint, Inc.*, 128 B.R. 382, 387 (E.D. Pa. 1991) (internal quotations and alterations omitted). "When deciding between dismissal and conversion under 11 U.S.C. § 1112(b), the court must consider the interests of *all* creditors." *Shulkin Hutton, Inc., v. Treiger (In re Owens)*, 552 F.3d 958, 961 (9th Cir. 2009) (internal quotations and citations omitted).

As set forth in *In re Rand*, factors to be considered in whether to convert or dismiss a case pursuant to Section 1112 are:

(1) Whether some creditors received preferential payments, and whether equality of distribution would be better served by conversion rather than dismissal.

(2) Whether there would be a loss of rights granted in the case if it were dismissed rather than converted.

(3) Whether the debtor would simply file a further case upon dismissal.

(4) The ability of the trustee in a chapter 7 case to reach assets for the benefit of creditors.

(5) In assessing the interest of the estate, whether conversion or dismissal of the estate would maximize the estate's value as an economic enterprise.

(6) Whether any remaining issues would be better resolved outside the bankruptcy forum.

(7) Whether the estate consists of a "single asset."

(8) Whether the debtor had engaged in misconduct and whether creditors are in need of a chapter 7 case to protect their interests.

(9) Whether a plan has been confirmed and whether any property remains in the estate to be administered.

(10) Whether the appointment of a trustee is desirable to supervise the estate and address possible environmental and safety concerns.

*In re Rand v. Porsche Financial Services, Inc.* (*In re Rand*), No. 07-06801, 2010 WL 6259960, at *10 n.14 (B.A.P. 9th Cir. Dec. 7, 2010) citing 7 Collier on Bankruptcy ¶ 1112.047 (Alan N. Resnick & Henry J. Sommer, eds., 16th ed., 2010).

  **i. The Debtor has not demonstrated that dismissal is in the best interest of all creditors.**

The Debtor's argument that dismissal will benefit creditors rests on unsubstantiated promises that the Debtor will both refinance upon dismissal and promptly repay creditors in the ordinary course of business. The Debtor argues that the only way to save the properties is to have the case dismissed, but the Debtor has not provided this Court with evidence that a refinancing agreement exists. In the Motion,

the Debtor did not disclose the terms of this agreement or the name of the lender. This lack of disclosure makes it impossible for the Court, or any party in interest, to evaluate whether the agreement would benefit creditors.

Even if the Debtor is able to refinance the properties, there is no guarantee that creditors will be treated fairly. To the contrary, the Debtor's analysis ignores several claims as meritless. Under Section 502(a) a claim is "deemed allowed" unless a party in interest objects. The Debtor has not objected to any claims filed, therefore these claims should be considered when evaluating whether all creditors will benefit from dismissal.

The Debtor has indicated that she will be able to pay creditors in the ordinary course of business after the case is dismissed however the Debtor has presented no evidence that she has sufficient income to pay them. The Debtor has failed to file an operating report since March 2018 and the Motion does not address the status of the Debtor's jewelry business or its inventory. Even if the Debtor intends to pay creditors, there is no proof that there is sufficient income to do so.

If the case is dismissed, creditors will be left to pursue their claims outside of bankruptcy even though the pursuit of claims has already been delayed for over eight months. The Debtor's request for dismissal is based on unsubstantiated promises that may leave creditors worse off than when this case was filed. Therefore, the Debtor's case should not be dismissed because the Debtor has not demonstrated that dismissal is in the best interest of all creditors.

### ii. Conversion is in the best interest of all creditors and will enhance creditors' prospects for recovery.

Converting the Debtor's case to a case under chapter 7 will ensure that assets are administered for the benefit of all creditors. According to her Schedules, the Debtor has both equity in real property and nonexempt personal property that could be administered. However, the exact status of the Debtor's financial situation is unclear because the Debtor has failed to file operating reports since March 2018. A trustee will be able to effectively resolve any disputed claims, liquidate assets for the benefit of creditors, make an appropriate distribution to creditors, and file appropriate reports as required by the

Bankruptcy Code and Rules. Accordingly, conversion appears to be in the best interest of all creditors in this case.

IV. **CONCLUSION**

Wherefore, the United States Trustee requests that the Court deny the Debtor's request to dismiss the case and instead convert this case to a case under chapter 7, and grant such other relief as is just and proper.

Dated: August 17, 2018

TRACY HOPE DAVIS
UNITED STATES TRUSTEE

By: *Trevor R. Fehr*
Trevor R. Fehr
Trial Attorney