1  OXANA KOZLOV, Cal. Bar No. 209210
   649 Dunholme Way
2  Sunnyvale, CA 94087
   Telephone:    408-431-4543
3  Facsimile:    650-887-2135Attorney for Mariya Ruchka

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re<br><br>Mariya Ruchka<br><br>                Debtor. | Case No. **18-30002**<br><br>Chapter 11<br><br>**DEBTOR'S DECLARATION IN SUPPORT OF DEBTOR'S MOTION TO DISMISS CASE**<br><br>Hearing:<br><br>Date: September 21, 2018<br>Time: 10:00 a.m.<br><br>Judge: The Honorable Dennis Montali<br><br>Place: 450 Golden Gate Avenue, 16th Floor, Courtroom 17, San Francisco, CA 94102 |

I, Mariya Ruchka, declare as follows:

1. I am the Debtor and Debtor-in-Possession in the above-captioned case. . I am competent to testify in this matter and I declare as follows:

2. I am engaged in efforts to refinance each of the properties of the bankruptcy estate that is presently in default with hard money loans through broker CAN Equity Group, Inc., including 20 Pine Terrace, Belvedere, Tiburon, CA, 164-168 28th St., San Francisco, CA, and 1619 Laguna St., San Francisco, CA. Each of the properties has had a recent appraisal, and, with the exception of the Belvedere property, the value of each property is significantly greater than all mortgages and liens of record.

3. A true and correct copy of the Refinance Statement, dated August 30, 2018, issued by Fidelity National Title Company, with regard to 20 Pine Terrace, Belvedere, Tiburon, CA, is marked Exhibit A, attached hereto and incorporated herein by reference. Exhibit A shows lien payoffs in the amount of $1,689,504, and a pre-approved loan amount of $1,199,000 from Superior Loan Servicing, loan no. RMF4021995. The property appraised for $1,475,000 on August 25, 2018. A true and correct copy of said appraisal is marked Exhibit B, attached hereto, and incorporated herein by reference. I am presently initiating negotiations with the first ($1,530,480) and second ($55,100) mortgagees of the subject property for short payoffs, with subordinated deeds of trust for any balances remaining. I am also seeking other hard money lenders for more substantial loan commitments.

4. A true and correct copy of the Refinance Statement, dated August 30, 2018, issued by Fidelity National Title Company, with regard to 164-168 28th St., San Francisco, CA, is marked Exhibit C, attached hereto and incorporated herein by reference. Exhibit C shows a pre-approved loan amount of $1,699,000, from Superior Loan

Servicing, loan no. RMF4021984. The property was appraised on July 18, 2018, for $2,450,000. A true and correct copy of said appraisal is marked Exhibit D, attached hereto and incorporated herein by reference. Exhibit C shows a balance due from Borrower of $432,114 to pay off the sole mortgagee and all other creditors/claimants.

5. Of the apparent shortage for full refinancing payoffs of all creditors on the 164-168 28th Ave. property, $105,000 of that amount is reflected in the mechanics lien of Oleg Morozov, dba Remus Contractors, a true and correct copy of which is attached hereto as Exhibit E, and incorporated herein by reference. This is an unlawful mechanic's lien recorded almost 16 months after services by the contractor were completed and paid for. The lien, recorded on June 8, 2018, states on its face that it includes "interest at the rate of 10% per annum from 2/17/2017 (date when balance became due)". The lien references 14 invoices, none of which were received by me until the last week of June, 2018, when I first discovered the lien in a preliminary title report for the property and demanded copies from the claimant. The lien reflects proof of service on me by mail by Mr. Morozov on May 21, 2018. I received no such notice. I will file an amended creditor's schedule reflecting this wholly disputed debt forthwith. I have demanded that Mr. Morozov remove the lien, and will undertaking prompt legal action to have it removed in the Superior Court under Civil Code Section 8480 et seq., if Mr. Morozov does not promptly do so voluntarily.

6. It is also important to note that this property is the subject of a lawsuit for alleged breach of implied warranty of habitability (San Francisco Superior Court, case no. CGC-18-565396). These tenants have each filed proofs of claim in this bankruptcy case in the amount of $200,000. The defense of this action has been picked up by my insurer, Farmer's, and its attorney, Roger Yuen (SB# 221243) of Hartsuyker,

Stratman & Williams-Abrego, 505 14th St., Suite 400, Oakland, CA 94612, who filed an Answer in this matter on June 19, 2018. A true and correct copy of said Answer is marked Exhibit F, attached hereto, and incorporated herein by reference. I am informed and believe that the insurance policy coverage/limits for the property are $2,000,000. A building inspector filed a report listing actual defects, which I have systematically addressed and corrected since the time of the lawsuit. I am informed and believe that he found no evidence of mold, which was the primary complaint of the tenant-litigants.

7. A true and correct copy of the Estimated Borrower's Statement, dated September 4, 2018, issued by Fidelity National Title Company, with regard to 1619 Laguna, San Francisco, CA, is marked Exhibit G, attached hereto and incorporated herein by reference. Exhibit G shows a pre-approved loan amount of $1,724,000. It does not contain payoff information on the sole mortgagee on the property, Evergreen Advantage, LLC ("Evergreen"). I am informed and believe that a Request for Payoff Demand was emailed to Evergreen on September 6, 2018 by Fidelity National Title Company. A true and correct copy of said payoff demand is attached hereto as Exhibit H. The Proof of Claim of Evergreen in this case (Claim 2-1, filed January 30, 2018), reflects a claim amount of $1,902,804. There are additional sums due for property taxes. Exhibit G reflects a balance due to borrower, exclusive of the payoff of the Evergreen mortgage and taxes, of $1,633,952. The subject property was appraised as of August 17, 2018, for $2,450,000. A true and correct copy of said appraisal is marked Exhibit I, attached hereto and incorporated herein by reference. I estimate that funding for full payoffs on this proposed loan will be approximately $350,000 short.

8. As with the other properties referenced above, I am commencing negotiations with Evergreen for a short payoff at closing of the proposed refinance, with the shortage

Case: 18-30002   Doc# 61   Filed: 09/07/18   Entered: 09/07/18 16:52:19   Page 4 of 5

covered by a deed of trust subordinated to the new lender.  This will allow me the time to market the properties for their fair market values and preserve the assets of the bankruptcy estate.

9. If these negotiations are unsuccessful and increased refinance funding is not available to cover shortages, I will sell the property(ies).

10. Besides my current car lender, with whom I am current, and the Internal Revenue Service's claim of $77,399, the only other creditor's claim in this case is from Midland Credit Management, Inc., as agent for Asset Acceptance, LLC, in the amount of $18,662 (Claim #4).  This claim was amended on September 7, 2018, to properly reflect an amount remaining due of $1,580.50.  A true and correct copy of the Amended Proof of Claim filed on this date is marked Exhibit J, attached hereto and incorporated herein by reference.

11. I don't believe conversion of this Chapter 11 case to a case under Chapter 7 would benefit the creditors of the estate.   It would only create delays and unnecessary administrative expenses, without enhancing the prospect for recoveries to the creditors.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed this 6th day of September, 2018, in San Francisco, California

/s/ Mariya Ruchka
MARIYA RUCHKA