Oxana Kozlov, Esq. (State Bar No. 209210)
649 Dunholme Way
Sunnyvale, CA 94087
Telephone: 408-431-4543
Facsimile: 650-887-2135

Attorney for the Debtor

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In re Mariya Ruchka | Case No. 18-30002 |
| Debtor. | Chapter 7 |
| | **APPLICATION FOR FINAL COMPENSATION OF OXANA KOZLOV** |
| | Hearing: |
| | Date: November 30, 2018<br>Time: 10:00 a.m. |
| | Judge: The Honorable Dennis Montali |
| | Place: 450 Golden Gate Avenue, 16th Floor, Courtroom 17, San Francisco, CA 94102 |

1

# APPLICATION FOR FINAL COMPENSATION

TO THE HONORABLE DENNIS MONTALI, UNITED STATES BANKRUPTCY JUDGE:

Oxana Kozlov, counsel for the Debtor ("Applicant") applies to this Court for approval of the Application for Compensation. Applicant was the duly appointed counsel for the Debtor, appointed by the Court order entered on January 29, 2018. The Court previously approved applicant's interim fee application for the amount of $16,905. The additional fees in the amount of $2,380 thought herein were accrued after the time the previous application was filed (and thus were not included in the previous application) up until the case conversion to Chapter 7.

## I. CASE BACKGROUND

### A. **Case Overview; Properties and Value**

### A. Case Overview.

The Debtor filed her bankruptcy petition in order to save her three rental real properties located at 164-168 28th Street, San Francisco, California (the "28th Street Property"), 1619 Laguna Street, San Francisco, California ("Laguna Street Property") and 20 Pine Street, Tiburon, California ("Tiburon Property") from imminent foreclosure initiated by hard money lenders, George Washington Lending ("GW") and Evergreen Advantage LLC ("Evergreen") due to the expiration of the loan terms. The Debtor also owns a small commercial property located at 3127 Geary Blvd., San Francisco, California ("Geary Property"), which has little to no equity in it. The Debtor has been current on her loan obligations with respect to the Geary Property.

The Debtor intended to complete her then-ongoing Ellis Act proceeding with respect to the 28th Street Property by March of 2018 and either sell or refinance all or some of the properties in order to repay the loans to GW and Evergreen under her reorganization plan to save the properties from foreclosure.

The Debtor was able to negotiate an adequate protection stipulation with Evergreen allowing her until the end of September of 2018 to repay the loan. Likewise, the Debtor was able to negotiate an extension of time with GW, which extension was never formalized in a stipulation. No motions for relief were filed by either hard money lender. The things, however, did not go as planned and the Debtor was not able to complete the Ellis Act proceeding, which she decided to dismiss as she would have no time to finalize the process within any reasonable time to allow her to restructure the debt.

The Debtor decided to list and eventually listed the 28th Street, Laguna Street and Tiburon Properties for sale. Meanwhile, the 28th Street Property tenants filed lawsuits against the Debtor,

2

APPLICATION FOR FINAL COMPENSATION
Case: 18-30002    Doc# 87    Filed: 11/05/18    Entered: 11/05/18 12:20:38    Page 2 of 5

which negatively affected prospects of the successful sale of the property at a desired price. Likewise, complications caused by the current tenant of the Laguna Property also continued to complicate the sale of the Laguna Street Property. The Debtor tried to refinance the defaulted loans but was unable to file a feasible reorganization plan timely and the case was converted to Chapter 7 by the Court at the September 21, 2018, hearing on the Debtor's Motion to Dismiss case.

## II. **PROFESSIONAL COMPENSATION**

### A. General and Administrative Matters.

After the previous application for compensation was filed with the court the applicant continued to perform tasks related to the Debtor's then-pending Motion to Dismiss case including attendance of the hearings, preparation of the Debtor's Declaration in support of case dismissal and reviewing Trustee's response. Applicant spent 5.5 hours in performing these tasks, incurring fees in the amount of $1,925, as more particularly described in the attached Exhibit A.

### B. **Communications with creditors.**

The category includes the time devoted to tasks aiming to help Debtor to resolve creditors' claims and issues related to the Debtor's Motion to Dismiss case. Applicant spent 1.3 hours in performing these tasks, incurring fees in the amount of $455, as more particularly described in the attached Exhibit A.

## III. **SUMMARY OF FEES AND COSTS INCURRED**

Applicant's total time representing the Debtor after the filing of the previous fee application totaled 6.8 hours, representing $2,380 of legal fees. The hours billed working on the case are detailed on Applicant's timesheets, copies of which are attached as Exhibits A. Exhibit details the specific services rendered by the attorney. At the end of each section appears a summary of the total fees incurred. The time spent on each category of work and total fees incurred are summarized in the following table:

| Category | Hours | Rate | Fees |
|---|---|---|---|
| **General & Administrative:** | 5.5 | 350 | 1,925 |

| | | | |
|---|---|---|---|
| Communications with Creditors: | 1.3 | 350 | 455 |
| **Total:** | **6.8** | | **2,380** |

**Letter Transmitting Fee Application to Debtor.** In accordance with the Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees, Applicant has transmitted a copy of this Application to the Debtor, together with a copy of the following cover letter:

*"The court's Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees provide that a debtor in possession, a trustee or an official committee must exercise reasonable business judgment in monitoring the fees and expenses of the estate's professionals. We invite you to discuss any objections, concerns or questions you may have with us. The Office of the United States Trustee will also accept your comments. The court will also consider timely filed objections by any party in interest at the time of the hearing."*

**WHEREFORE**, Applicant prays that this court enter its order with respect to the following:

1. Allowing and approving $2,380 of attorneys' fees incurred and expended on behalf of the Debtor;

3. For such other and further relief as this court deems just and proper.

Dated: 11/05/2018 _____/s/ Oxana Kozlov_____
OXANA KOZLOV, ESQ.

### CERTIFICATION

I, Oxana Kozlov, have the responsibility in this case for compliance with the Guidelines for Professional Compensation. I have prepared and read the application, and to the best of my knowledge, information and belief, formed after reasonable inquiry, the information therein is true, and the compensation sought is in conformity with the United States Bankruptcy Court, Northern District of California, Guidelines For Compensation and Expense Reimbursement of Professionals. The

compensation and expense reimbursement requested are billed at rates, in accordance with practices, no less favorable than those customarily employed by applicant and generally accepted by applicant's clients.

I declare under penalty of perjury that the foregoing is true and correct, and that if called as a witness I could competently testify thereto.

Executed on November 5, 2018, in the City and County of Sunnyvale, State of California.

_____/s/ Oxana Kozlov_____
OXANA KOZLOV, ESQ.