JOSHUA L. SCHEER #242722
REILLY D. WILKINSON #250086
SCHEER LAW GROUP, LLP
85 Argonaut, Suite 202
Aliso Viejo, CA 92656
Telephone: (949) 263-8757
Facsimile: (949) 308-7373
jscheer@scheerlawgroup.com
GW.100-014S

Attorneys for Secured Creditor
ALLRISE FINANCIAL GROUP, INC. AS SERVICING AGENT FOR MAXVI 1, LLC, its
successors and/or assignees

UNITED STATES BANKRUPTCY COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MARIYA SERGEEVNA RUCHKA fka Mariya Sergeevna Semikhatova aka Maria Sergeevna Wisniewski dba Home Sweet Home Funding & Realty,<br><br>Debtor, | Bk. No. 18-30002<br><br>Chapter 7<br><br>**STIPULATION VACATING AUTOMATIC STAY AND RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**<br><br>Hearing- Motion for Relief from Stay<br>Date: June 27, 2019<br>Time: 11:00am<br>Place: Bankruptcy Court<br>450 Golden Gate Avenue<br>San Francisco, CA 94102<br>Courtroom 17 |

ALLRISE FINANCIAL GROUP, INC. AS SERVICING AGENT FOR MAXVI 1, LLC, its successor and/or assignees ("**Secured Creditor**"), through its counsel JOSHUA L. SCHEER of SCHEER LAW GROUP, LLP and the Trustee Chapter 7 Trustee, E. LYNN SCHOENMANN ("**Trustee**"), through her counsel MIRIAM MANNING of PACHULSKI, STANG, ZIEHL, & JONES, LLP, hereby agree and stipulate that the following may be entered in an order by the court in resolution of Secured Creditor's Motion for Relief from Stay ("**Motion for Relief**") relating to the real property at 164-168 28th Avenue, San Francisco, CA 94131 ("**Property**").

//

Case: 18-30002   Doc# 162   Filed: 06/27/19   Entered: 06/27/19 08:55:44   Page 1 of 5

## I. RECITALS

1. MARIYA SERGEEVNA RUCHKA ("**Debtor**") is an individual and the Chapter 7 Debtor herein.

2. On January 2, 2018, Debtor filed a Petition under Chapter 11 of the Bankruptcy code. On August 2, 2018, the Debtor filed a Motion to Dismiss the Bankruptcy.

3. On September 21, 2018, the Court sua sponte ordered the case to be converted to Chapter 7 and the case was formally converted to Chapter 7 on September 26, 2018.

4. On February 14, 2018, Secured Creditor filed a Notice of Security Interest in Rents and Profits in the Property.

5. The Trustee has collected rents from the tenants on the Property in the amount of $31,059.80. From the rents collected, the Trustee has paid $2,311.27 towards expenses relating to the Property, including, but not limited to, water and garbage expenses. As a result, the Trustee currently holds funds in the amount of $28,748.53 ("**Cash Collateral**") relating to the Property.

6. As part of Secured Creditor's Motion for Relief, Secured Creditor requested that its Cash Collateral be turned over so it can be applied at Secured Creditor's foreclosure to the amounts owing and/or used in accordance with applicable State law. The Trustee has confirmed and determined that these amounts remaining are Secured Creditor's cash collateral and has agreed to turn them over. However, the Trustee has requested, pursuant to 11 U.S.C. Section 506(c), reimbursement for reasonable and necessary fees and costs associated with the collection of the rents and administration relating to the Property in the amount of $3,325.00.

7. Separate from the Cash Collateral referenced above, the Trustee is holding an additional $8,061.77 ("**Unidentified Funds**") that was turned over to the Trustee by the Debtor upon conversion of the Bankruptcy to Chapter 7. The Parties have not determined whether the Unidentified Funds, or any portion thereof, relate to funds generated from the Property or from other property or assets of the Debtor, as source of the funds were not identified upon turnover.

8. On May 3, 2019, the Court entered an Order Discharging Debtor. Secured Creditor contends that Automatic Stay has been terminated as to the Debtor on May 3, 2019, in accordance with 11 U.S.C. § 362(c)(2)(C), by operation of law, when the Court entered an Order Discharging the Debtor.

9. On June 13, 2019, Secured Creditor filed its Motion for Relief requesting that relief from the Automatic Stay be granted as to the Trustee's interest in the Property and also requested that the Trustee turnover any and all Cash Collateral being held by the Trustee relating the Property. The Motion was brought pursuant to 11 U.S.C. § 362(d)(1) and (d)(2) for "cause", including, but not limited to the lack of equity in the Property.

10. On June 19, 2019, in response to the Motion for Relief, the Trustee filed a Notice and Opportunity for Hearing on Trustee's Notice of Intent to Abandon Interest in 28th Street Property ("**Motion to Abandon**"). The Motion to Abandon provides that the Trustee proposes to abandon all interest in the Property and that abandonment prior to foreclosure may be more beneficial to the estate. The Motion to Abandon allows interested parties and creditors until July 3, 2019 to file an opposition to the Motion to Abandon or the Motion to Abandon may be granted without a hearing. As of the date of this Stipulation, no opposition has been filed and the Trustee is unaware of any opposition to the Motion to Abandon.

11. The Trustee does not oppose the Motion for Relief filed by Secured Creditor, but has requested that any foreclosure sale of the Property not occur until the Court enters an order granting the Motion to Abandon. The Trustee has also requested reimbursement for costs and expenses relating to collecting the Cash Collateral. In order to avoid the cost and expense of litigation, and to resolve this matter, the parties have agreed that the following may be entered as an order of this Court:

## II. STIPULATION

A. The Recitals above are incorporated herein by reference as if set forth fully herein.

B. IT IS STIPULATED that, subject to Paragraph C below, the Automatic Stay in the above entitled proceeding is immediately vacated and extinguished as to the Chapter 7 estate to allow Secured Creditor to commence or complete its non-judicial foreclosure pursuant to all

Case: 18-30002    Doc# 162    Filed: 06/27/19    Entered: 06/27/19 08:55:44    Page 3 of 5

2

existing defaults, including any pre-petition defaults specified under any existing foreclosure, and thereafter take possession of the real property located at **164-168 28th Avenue, San Francisco, CA 94131,** which is legally described in the Deed of Trust attached as Exhibit "2" to Secured Creditor's Motion for Relief. The Automatic Stay shall be terminated and vacated for all purposes, including the prosecution of appropriate foreclosure remedies, without the requirement of further notice or publication, except as may be required by state law.

C.      IT IS FURTHER STIPULATED that the Automatic Stay is vacated and extinguished pursuant to Paragraph B, above, however, without waiver or prejudice to Secured Creditor's rights, Secured Creditor hereby agrees not to complete its non-judicial foreclosure sale of the Property prior to the Court entering an Order approving the Trustee's Motion to Abandon ("**Abandonment Order**"). While Secured Creditor may proceed immediately to take all steps under State law to exercise its rights relating to the Property, including, but not limited to, recording and publishing its Notice of Trustee's Sale, Secured Creditor may not proceed to *hold* its foreclosure sale until the Abandonment Order is entered.. Upon entry of the Abandonment Order, Secured Creditor may proceed immediately to hold its foreclosure sale without further order of the Court and without any waiting period (and to the extent any waiting period applies it is hereby waived).

D.      IT IS FURTHER STIPULATED that in the event the Court denies the Trustee's Motion to Abandon or in the event an Abandonment Order is not entered by July 12, 2019, upon providing the Trustee and her counsel with three (3) calendar days' written notice, Secured Creditor may restore its Motion for Relief to the Court's next available calendar date in order to request that Secured Creditor be able to complete its foreclosure sale of the Property prior to the Abandonment Order being entered or becoming final and/or despite the Trustee's request for abandonment of the Property being denied.

E.      IT IS FURTHER STIPULATED that within five (5) business days of entry of the order approving this Stipulation, the Trustee shall deduct its reasonable administrative fees of $3,325.00 from the Cash Collateral, and shall turn over to Secured Creditor the remaining Cash Collateral held by the Trustee **totaling $25,423.53** *plus*, any additional amounts received by the

4

Trustee from the date of this Stipulation, relating to the Property (i.e., the July 1, 2019 rents relating to the Property if received) to be held or applied by Secured Creditor in accordance with State Law. This agreement for turnover of Cash Collateral is without prejudice to Secured Creditor's rights to assert an interest in the Unidentified Funds and the Trustee's rights to contest those rights.

F.     IT IS FURTHER STIPUALTED that Secured Creditor shall not be required to wait any additional time to proceed pursuant to the order approving this Stipulation, the 14 day stay as described in 11 U.S.C. 4001(a)(3) being hereby waived.

APPROVED AS TO FORM AND CONTENT:

DATE: 06/26/2019                    /S/MIRIAM MANNING
                                    MIRIAM MANNING
                                    Attorney for Trustee


DATE: 06/26/2019                    /S/JOSHUA L. SCHEER
                                    JOSHUA L. SCHEER
                                    Attorney for Secured Creditor